IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES E. MOORE, #180 583, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-34-TMH |
| | ) | [WO] |
| WILLIE ROWELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an

inmate currently incarcerated at the Limestone Correctional Facility.  He claims that he was

served tainted food while incarcerated at the Kilby Correctional Facility which caused him

to experience the effects of food poisoning.[1]  For relief, Plaintiff seeks to bring suit under the

Alabama Medical Liability Act.[2]  Named as defendants are Willie Rowell, Warden of the

Kilby Correctional Facility, and the Director of Nursing at Kilby. Upon review of Plaintiff's

complaint, the court finds that this matter is due to be dismissed prior to service under 28

---

[1]The court notes that claims for injunctive or declaratory relief are mooted by the transfer or
release of a prisoner.  *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v.
Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

[2]Pursuant to Ala. Code § 6–5–548(a), the Alabama Medical Liability Act "applies '[i]n any
action for injury or damages or wrongful death, whether in contract or in tort, against a health care
provider for breach of the standard of care.' " *See Mock v. Allen,* 783 So.2d 828, 832 (Ala.2000) (quoting
§ 6-5-548(a)).

U.S.C. § 1915(e)(2)(B).[3]


## I. DISCUSSION

Plaintiff arrived at the Kilby Correctional Facility ["Kilby"] at the end of November. Prison officials transferred him to the Limestone Correctional Facility ["Limestone"] on December 12, 2012. At the time of his transfer, Plaintiff was ill. He went to the health care unit and was informed by the medical staff that he had food poisoning. Plaintiff asserts that he remained in the infirmary for three days and nights during which time he was nauseous, vomited, and ran a fever. The treatment he received for his illness included intravenous fluids and antibiotics. (*Doc. No. 1.*)

Plaintiff alleges that the kitchen and food at Kilby are "nasty." He maintains that "they" tried to poison him "with all that bacteria, unclean everything." (*Doc. No. 1.*) To the extent Plaintiff attempts to allege a claim that Defendants acted with deliberate indifference by serving him tainted food, he is entitled to no relief. Initially, the court finds that it cannot discern from the allegations in the complaint how either of the named defendants is liable with respect to Plaintiff's allegation. Nonetheless, the court notes that a prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to

---

[3]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

demonstrate an Eighth Amendment violation with respect to conditions of confinement, a

prisoner must satisfy both an objective and a subjective inquiry. *Id.* at 834.   Under the

"objective" inquiry, a prisoner must allege a condition that is sufficiently serious so as to

amount to the denial of a basic human need or objectively serious medical need. *Chandler*

*v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004); *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th

Cir. 2000). The condition must be extreme and pose an unreasonable risk of serious damage

to the prisoner's future health or safety. Restrictive or even harsh conditions alone do not rise

to the level of an Eighth Amendment violation. *Id.* Under the "subjective" inquiry, the

prisoner must allege the official acted with at least deliberate indifference. *Farrow v. West,*

320 F.3d 1235, 1245 (11th Cir. 2003); *see Taylor,* 221 F.3d at 1258. To demonstrate

deliberate indifference on the part of prison officials, Plaintiff must show: "(1) subjective

knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more

than mere negligence." *Farrow,* 320 F.3d at 1245.

Taking as true Plaintiff's assertion that he became ill from tainted food served at

Kilby,   at most, this would satisfy the pleading requirements only of the objective prong of

the *Farmer* analysis. It would not, however,  establish that Defendants had the requisite state

of mind to satisfy the subjective prong. The Plaintiff alleges no conduct on Defendants' part

that would support a finding of deliberate indifference. He sets forth no facts showing that

the Defendants knowingly, or with reckless disregard, served him bad food that caused his

illness nor is the court able to infer deliberate indifference from the circumstances alleged

in the complaint.   Rather, the allegations in the complaint reflect an isolated incident which

may have originated from the food served on one day at Kilby. A single incidence of unintended food poisoning, however, is not a constitutional violation. *See, e.g., George v. King,* 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners."); *Bennett v. Misner,* 2004 WL 2091473 *20 (D.Or., Sept.17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation."). Plaintiff's Eighth Amendment conditions of confinement claim against Defendants fails to assert a deprivation which rises to the level of a constitutional violation. It is, therefore, subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To the extent Plaintiff attempts to set forth a claim of negligence on behalf of the named defendants, allegations of negligence are not cognizable under § 1983. *See Daniels v. Williams,* 474 U.S. 327 (1986). The Supreme Court has rejected "any attempt to derive from congressional civil rights statutes a body of general federal tort law." *Paul v. Davis*, 424 U.S. 693, 701 (1976). *See generally Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989) (mere negligence or medical malpractice in the provision of inmate medical care insufficient to constitute deliberate indifference).

To the extent Plaintiff attempts to implicate the state tort of negligence and/or medical malpractice against the named defendants with regard to his allegation of tainted food, review of such claim(s) is only appropriate upon exercise of this court's supplemental

jurisdiction.   In the posture of this case, however, the exercise of such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."''" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11ᵗʰ Cir. 1984).   The exercise of supplemental jurisdiction is discretionary.   *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).   "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."   *L.A. Draper and Son*, 735 F.2d at 428.   In view of this court's resolution of the federal claims presented in the complaint, Plaintiff's supplemental state tort claim is due to be dismissed.   *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 claims against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's state law claim(s) be DISMISSED without prejudice; and

3.  Plaintiff's complaint be DISMISSED prior to service of process.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **February 13, 2013**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of January 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE